**HUA SHEUN LIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–2340–ag.

United States Court of Appeals, Second Circuit.

Dec. 5, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, Karin B. Hoppmann, Peter J. Sholl, Assistant Unit-

**90**

ed States Attorneys, Tampa, Florida, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Hua Sheun Lin, a native and citizen of the People's Republic of China, seeks review of a May 5, 2006 order of the BIA denying his motion to reopen deportation proceedings. *In re Hua Sheun Lin,* No. A 72 968 851 (B.I.A. May 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). In order to be exempt from the numerical and timeliness limitations that would otherwise bar his motion to reopen, Lin asserted material changes both in his personal circumstances and in the circumstances in China which had arisen since his deportation hearing. *See* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA found that Lin had not qualified for the exemption because he had asserted a change in personal circumstances—the birth of his two sons in the United States—rather than a change in circumstances in China.

The BIA failed to address, even in a cursory fashion, evidence submitted by Lin of a change in the implementation of China's Family Planning Laws since his first application to reopen, including evidence of the alleged sterilization and abortion of persons in his native village in China. The complete failure by the BIA, in evaluating a motion to reopen, to address evidence offered by a petitioner of changed country conditions is an abuse of discretion. *Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006).

We also decline to find that a remand would be futile. *See id.* at 275–76. In addition to documents generally describing the implementation of China's Family Planning Laws, Lin has submitted an affidavit detailing recent sterilizations in his native village. The agency is best positioned to perform an individualized assessment of that affidavit, as well as Lin's other evidence. *See In re C–C–,* 23 I. & N. Dec. 899, 900, 2006 WL 805042 (BIA 2006). Without such an assessment, we cannot predict with confidence that the BIA would reach the same decision if it were to consider the submitted evidence of changed conditions in China. *See Wang,* 437 F.3d at 276.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, the stay of removal that this Court previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).